Case No.　**CV 10-5645-JFW (JCGx)**　　　　　　　　　　Date: July 19, 2011

Title:　L.A. Idol Fashion, Inc. -v- G&S Collection, et al.

**PRESENT:**
　　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

　　Shannon Reilly　　　　　　　　　　　　None Present
　　Courtroom Deputy　　　　　　　　　　Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　None　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　ORDER DISMISSING ACTION WITHOUT PREJUDICE
　　　　　　　　　　　　　　　　　　　　FOR FAILURE TO COMPLY WITH COURT ORDER

　　　　On October 7, 2010, the Court issued a Scheduling And Case Management Order in which is ordered the parties to file a Pre-Trial Conference Order; Memo of Contentions of Fact and Law; Exhibit List & Exhibit Stipulation; Witness Lists & Summary of Witness Testimony; Status Report re: Settlement; Agreed Upon Set of Jury Instructions & Verdict Forms; and Joint Statement re: Disputed Instructions ("Pre-Trial Documents") by June 30, 2011. On July 5, 2011, pursuant to a stipulation by the partes, the Court extended the deadline for filing Pre-Trial Documents until July 8, 2011. On July 11, 2011, pursuant to a second stipulation by the parties, the Court again extended the deadline for filing Pre-Trial Documents until July 14, 2011.

　　　　As of the date of this Order, the parties have failed to file any of the foregoing Pre-Trial Documents except for a Joint Pre-Trial Witness Stipulation. The Ninth Circuit has explained the importance of complying with a district court's Scheduling and Case Management Order:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.C. Me. 1985)).

The parties' failure to comply with the Scheduling and Case Management Order has made it impossible for the Court to prepare for the Pre-Trial Conference and the Trial. In the Court's Scheduling and Case Management Order, the Court specifically warned the parties that failure to file the required Pre-Trial Documents would result in the dismissal of this action. Accordingly, this entire action is hereby **DISMISSED** for lack of prosecution and for failure to comply with the Court's Scheduling and Case Management Order. *See* Federal Rule of Civil Procedure 41(b); *see also Yourish v. California Amplifier*, 191 F.3d 983, 986-988 (9th Cir. 1999); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

IT IS SO ORDERED.